Before the STATE INDUSTRIAL BOARD, Respondent.

SAUL ABRAHAMS, Respondent, *v.* CHARMANT SPECIALTY COMPANY and Another, Appellants.

Third Department, May 6, 1925.

**Workmen's compensation — coverage — claimant was president, superintendent and manager of employer — no estimation was made of claimant's wage value as required by Workmen's Compensation Law, § 54, subd. 6, nor was wage value stated in or added to valuation of payroll — claimant was not covered — oral agreement is without force.**

Claimant, who was president, superintendent and manager of his employer, was not covered by a policy of workmen's compensation insurance, since it appears that no estimation of his wage value was made pursuant to the provisions of subdivision 6 of section 54 of the Workmen's Compensation Law and separately stated in and added to the valuation of the payroll.

Coverage cannot be based on an alleged oral agreement relating to the insurance, for the insurance contract which was introduced in evidence was in writing, and it appears therefrom that the premium was not based on the estimated wages of the claimant.

APPEAL by Charmant Specialty Company and another from an award of the State Industrial Board, made on the 28th day of May, 1924.

*Charles O. Truex* [*Paul Koch* of counsel], for the appellant Manufacturers Liability Insurance Company.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

COCHRANE, P. J.:

The employer is a corporation, all of the stock of which at the time of the accident was owned by the claimant except one share which was owned by his wife. Claimant was president of the employer corporation as well as its superintendent and manager. He was injured April 26, 1923. The carrier contends that he was not covered by its policy. The policy was issued effective from April 17, 1923, and was accepted by the employer and an initial premium of twenty-five dollars was paid thereon. Section 54, subdivision 6, of the Workmen's Compensation Law provides as follows: " Any insurance carrier may issue policies, including with employees, employers or executive officers of corporations who perform labor incidental to their occupations, such policies insuring to such employers or officers the same compensations provided for their employees, and at the same rates; provided, however, that the estimation of their wage values, respectively, shall be reasonable and separately stated in and added to the valuation of their pay rolls upon which their premium is computed." No estimation of the wage value of claimant was made nor was it stated in or added to the valuation of the payroll as required by the said statute. The policy in evidence shows affirmatively that such was not the case. The estimated remuneration of claimant was left blank, although a place was provided therefor in the declarations attached to the policy. There was no semblance of compliance with the statute above quoted. In fact the Attorney-General does not claim that the policy covers claimant. His contention appears in his brief as follows: " An oral agreement for insurance is valid in this State and the talk between the claimant and Mr. Styles [the agent of the carrier] made such an agreement and the claimant furnished the information as to his payroll and paid the premium that was required. It was, therefore, a valid contract for insurance which the insurance company should live up to." The difficulty with this argument is that the insurance contract was not oral but written. It was introduced in evidence by the claimant. It appears therefrom that the premium was not computed on any estimated wages of claimant. The written policy expresses the contract of the carrier and fails to charge it with liability in this case.

The award as to the insurance carrier should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award as to the insurance carrier reversed and claim dismissed, with costs against the State Industrial Board.